PEOPLE v. ZEVILLI. (Supreme Court, Appellate Division, First Department. December 18, 1896.) Proceeding against Alfonso Zevilli. No opinion. Motion granted.

PEOPLE ex rel. BYRNE v. WOODRUFF. (Supreme Court, Appellate Division, Second Department. December 22, 1896.) Proceeding on the relation of Patrick Byrne against Timothy L. Woodruff, as commissioner of the department of parks of the city of Brooklyn. No opinion. Determination annulled, with $10 costs and disbursements, and relator reinstated in his position.

PEOPLE ex rel. COPPERS, Appellant, v. MURRAY et al., Respondents. (Supreme Court, Appellate Division, First Department. January 15, 1897.) Proceeding on the relation of Edward Coppers against Joseph Murray and others. A. Levy, for appellant. J. M. Mayer, for respondents. No opinion. Proceeding affirmed, with costs.

PEOPLE ex rel. KASSCHAU, Appellant, v. ROOSEVELT et al., Respondents. (Supreme Court, Appellate Division, First Department. December 18, 1896.) Proceeding on the relation of Emil Kasschau against Theodore Roosevelt and others. J. C. De la Mare, for appellant. T. Connoly, for respondents. No opinion. Proceedings affirmed, with costs.

PEOPLE ex rel. MANHATTAN RY. CO. v. BARKER et al. (Supreme Court, Appellate Division, First Department. December 22, 1896.) Proceeding on the relation of the Manhattan Railway Company against Edward P. Barker and others. No opinion. Motion to resettle order granted.

PEOPLE ex rel. NASSAU ELECTRIC R. CO., Respondent, v. NEFF et al., Appellants. (Supreme Court. Appellate Division, Second Department. December 22, 1896.) Proceeding on the relation of the Nassau Electric Railroad Company against B. G. Neff and others, constituting the board of assessors of the city of Brooklyn. No opinion. Order affirmed, with $10 costs and disbursements.

PEOPLE ex rel. NEW YORK INSTITUTION FOR THE BLIND, Respondent, v. FITCH, Appellant. (Supreme Court, Appellate Division, First Department. December 22, 1896.) Proceeding on the relation of the New York Institution for the Blind against Ashbel P. Fitch, comptroller. T. E. Hancock, for appellant. J. M. Bowers, for respondent. No opinion. Order affirmed, with costs, on opinion of the court below. See 39 N. Y. Supp. 926.

PEOPLE ex rel. SOMMERVILLE, Appellant, v. ROOSEVELT et al., Respondents. (Supreme Court, Appellate Division, First Department. January 15, 1897.) Proceeding on the relation of William T. Sommerville against Theodore Roosevelt and others. E. H. Hawke, Jr., for appellant. Theodore Connoly, for respondents. No opinion. Proceedings affirmed, with costs.

PEOPLE ex rel. WILLIAMS, Appellant, v. CONSTABLE, Respondent. (Supreme Court, Appellate Division, First Department. December 18, 1896.) Proceeding on the relation of Joseph R. Williams against Stevenson Constable, as superintendent, etc. No opinion. Order affirmed with costs, on the authority of In re Whitney (decided by this department Sept. 9, 1896) 40 N. Y. Supp. 1151.

PETRIE, Respondent, v. STEWART, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 16, 1896.) Action by Charles Petrie against Emily M. Stewart. No opinion. Judgment affirmed, with costs.

PHILIPS et al., Respondents, v. NEW YORK EL. R. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. December 11, 1896.) Action by William H. Philips against the New York Elevated Railroad Company and another. Julien T. Davies, George T. Aldrich, and C. K. Morrison, for appellants. Benjamin A. Gould, Jr., and James B. Ludlow, for respondents.

BARRETT, J. The judgment in this case should be affirmed for the reasons assigned in the opinion handed down in the action brought by the same plaintiffs against the Metropolitan Elevated Railroad Company and another (42 N. Y. Supp. 33) with regard to No. 59 Murray street. We think the sum allowed for fee value in the present case, and also the award for rental damages, were fair and reasonable. The questions of law are substantially the same as in the Murray Street Case, and have been sufficiently considered in the opinion above referred to. No other questions calling for special consideration are here presented. The judgment should therefore be affirmed, with costs.

PITCHER v. LENNON. (Supreme Court, Appellate Division, First Department. December 22, 1896.) Action by Clair Pitcher against William F. Lennon. No opinion. Motion denied. See 38 N. Y. Supp. 1007.

POND, Respondent, v. RAWSON, Appellant. (Supreme Court, Appellate Division, Third Department. January 12, 1897.) Action by Charles L. Pond against Lucinda P. Rawson. No opinion. Judgment affirmed, with costs, with leave to answer over in 20 days upon payment of costs.

PRINCE v. DOUSHKESS. (Supreme Court. Appellate Division, First Department. December 18, 1896.) Action by Adolf Prince against Israel Doushkess. No opinion. Motion granted, with $10 costs, to be credited upon judgment.

In re PROSPECT AVE. (Supreme Court, Appellate Division, Second Department. December 30, 1896.) Proceeding for the opening of Prospect Avenue in the town of Flatbush. No opinion. Order affirmed, with $10 costs and disbursements.

RANSON, Respondent, v. WHEELWRIGHT et al., Appellants. (City Court of New York,

General Term. November 30, 1896.) Action by Nathan H. Ranson against John W. Wheelwright and others. For former reports, see 37 N. Y. Supp. 1022, and 39 N. Y. Supp. 342. Wilson & Wallis, for appellants. Abraham Kling, for respondent.

CONLAN, J. This is an appeal from a judgment rendered upon a verdict of the jury in favor of the plaintiff, and against the defendants, and from a refusal of the court to set aside the verdict and to order a new trial. The complaint sets forth that the defendants were co-partners doing business in the cities of New York and Boston; that on April 28, 1890, they entered into a written contract with the plaintiff that he should act as salesman for them to represent and sell their goods in foreign countries for one year from that date, upon an agreed commission, and that plaintiff entered upon such employment; that, upon the expiration of such contract, the defendants further agreed with the plaintiff by letter to allow him thereafter the same rate of commissions as theretofore, "upon such sales that he may make," and that during the period of the original contract and continuation thereof, the plaintiff procured the sale of a large quantity of the defendant's goods, upon which he was entitled to a commission amounting to over $2,000 which had not been paid to him. The answer admits the partnership of the defendants, the contract with the plaintiff, and that he entered upon his agreement, but it alleged that they have fully accounted to him for all the commissions to which he was entitled, and have paid him the same. It is further claimed by the plaintiff that the 60-day clause was attached to the continuation of the original contract, which was to expire on the 28th day of April, 1891, and that the continuation of the contract was in existence and force until the 26th day of March, 1893. This is denied by the defendants. Upon the trial it appears from a letter dated April 11, 1891, sent by the defendants to the plaintiff at some point in South America, where he was at the time soliciting orders for the defendants' goods, and of which letter he was advised by cablegram on that date, that the existing contract would not be renewed in its terms at the end of the year. On April 28, 1891, before the receipt of the letter in question, and upon the arrival of the cablegram, the plaintiff returned to New York. The letter passed him on the trip. On his arrival in New York he was shown a press copy of the letter of April 11, 1891, which letter he claims is the continuing in force of his employment under the following clause thereof, viz.: "We shall cheerfully allow the commission agreed upon for last year upon any sales you may make, and which we accept, but prefer not to make any engagement for any length of time, or to pay beyond commissions for order which you may send us." The plaintiff claims to have accepted these terms upon the addition only thereto that this continuing employment might be terminated upon a notice of 60 days by either party to the other. It is evident and undisputed that the plaintiff wrote several letters to parties in South America, which received the approval of the defendants, and that the defendants undertook to forward the same, with samples of goods, to

their destination, and that before the 26th day of March, 1893, the time when the plaintiff claims his employment terminated, the defendants had sold and delivered to purchasers procured by the plaintiff goods to the amount of about $63,000. This evidence was furnished by the defendants' books of account, and the question whether the goods were in fact sold through the plaintiff's instrumentality or solicitations was submitted to the jury under a very fair and impartial charge by the trial judge. The original contract contained this express provision, viz.: "The said Jonathan H. Ranson is to receive a commission of 2½ per cent. on all sales made directly to the purchaser by him. On all such sales not directly by Mr. Ranson, but such as are considered by Wheelwright, Eldridge & Co. to be the result of his original sale or sales made by him directly or indirectly, or purchased through a broker in this market, on which a brokerage has to be paid, the said Ranson is to receive a commission of 2½ per cent." And the question as to what, if any, commission the plaintiff is entitled to from the sales of the defendants above referred to was, in all fairness to the defendants, left to the jury to be determined. The witness Everett, one of the defendants, referred to an interview had with the plaintiff after his return from South America, and testified as follows: "He, Ranson, suggested on his return various details as to how he might continue his services, and it was finally stated by Mr. Yallale and by myself that he might correspond with any customer of his whom he saw fit, and if, from these samples and these letters, any sales resulted, he should be entitled to receive the same commission which he had previously received from the firm." And the question whether the sales above referred to were made by the plaintiff in pursuance of this understanding was one of the questions submitted to the jury. We do not think that the exclusion of any evidence in the trial to which the defendants excepted operated to the prejudice of the defendants' case. Upon a careful review of the whole case, we are inclined to the opinion that the charge of the trial justice is entirely fair to the defendants, and, for the reasons stated, we think the judgment should be affirmed, with costs. Judgment affirmed, with costs.

REALS, Appellant, v. WHITNEY, Respondent. (Supreme Court, Appellate Division, First Department. December 18, 1896.) Action by Grace Reals against Fred C. Whitney. C. H. Judson, for appellant. R. Gibson, Jr., for respondent. No opinion. Order affirmed, with $10 costs on disbursements.

REILY, Respondent, v. POERSCHKE et al., Appellants. (City Court of New York, General Term. December 12, 1896.) Action by Michael Reily against Edward R. Poerschke and others. Fromme Bros., for appellants. F. Schaeffer, for respondent. No opinion. Judgment affirmed, with costs. See 36 N. Y. Supp. 1111.

REMSEN et al. v. METROPOLITAN EL. R. CO. (Supreme Court, Appellate Division, First Department. December 22, 1896.) Ac-